Brian J. Lawler SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, California 92101
Telephone: (619) 255-2398
Facsimile: (619) 231-4984
*blawler@pilotlawcorp.com*

*Attorney for Gregory Rose*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ROSE, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>PACIFIC MARITIME ASSOCIATION,<br>a California Corporation,<br><br>                    Defendant. | Case No.: 8:19-cv-00787<br><br>**COMPLAINT FOR DAMAGES**<br><br>**VIOLATIONS OF 38 U.S.C. §4301 ET SEQ;**<br><br>**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff GREGORY ROSE ("Plaintiff") hereby complains against Defendant PACIFIC MARITIME ASSOCIATION, ("PMA") as follows:

## NATURE OF ACTION

1.  This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 et. seq. ("USERRA"). It is brought by Plaintiff against Defendant PMA.

## PARTIES

2.  Plaintiff, Gregory Rose ("Plaintiff"), is a citizen of the United States and a resident of California. Plaintiff was employed by PMA at One World Trade Center

#1700, Long Beach, CA 90802, as a longshoreman. At all relevant times herein, Plaintiff is or was a Sergeant (paygrade E-5) in the United States Army Reserve ("USAR").

3. At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

4. Plaintiff is informed, believes and alleges based on that information and belief, that Defendant PMA is a corporation organized under the laws of the State of California with its principal place of business at 555 Market Street, Third Floor, San Francisco, California 94105. At all times relevant, PMA was and is an employer for purposes of 38 U.S.C. § 4303 (4)(A) and § 4323(i).

5. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

6. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

7. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## JURISDICTION AND VENUE

8. This complaint arises under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§4301-4335. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C.

§4323(b)(3). Venue is proper because PMA maintains a place of business in this district, as provided in 38 U.S.C. §4323(c)(2), 28 U.S.C. §1391(b).

9.  Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 9, inclusive, as though set forth at length herein and made a part hereof.

11. Plaintiff is a resident of Anaheim, California and a member of the USAR. Plaintiff joined the USAR on April 19, 2004 and was at all times herein performing various periods of military service during his employment with Defendant. Plaintiff began working for Defendant on August 5, 2005 as a longshoreman.

12. Defendant knew Plaintiff was in the USAR when it hired Plaintiff.

13. In April 2006, Plaintiff was informed that his USAR unit was being called to active duty for a deployment out of the country that would last more than a year. Plaintiff gave timely verbal notice to PMA of his upcoming military service obligation. A PMA employee told Plaintiff that verbal notice was insufficient and that absent any written documentation, verbal notice could not be accepted.

14. Plaintiff completed this military service obligation in September 2007, timely applied for re-employment with PMA and returned to work in October 2007.

15. In May-June 2009, Plaintiff was notified of another pending military service obligation that would begin in October 2009 and again require his deployment out of the United States. Plaintiff went to the Vice President of his union, Mondo Porras, and informed Mr. Porras of his military service obligation in October 2007, and further explained to Mr. Porras the comments from PMA personnel regarding his verbal notice of his previous military service obligation.

COMPLAINT FOR DAMAGES                                                                 Case No.:

16. Plaintiff completed his military service obligation in December 2010 and timely applied for re-employment with PMA. Plaintiff also provided PMA with a copy of his DD-214, official discharge papers, to confirm his military service obligation. A receptionist at PMA made a copy of Plaintiff's DD-214.

17. Plaintiff reported to work at PMA three days after his discharge from military service but was told that he would have to go through the entire "reinstatement process" since he had been gone for so long.

18. The same day, Plaintiff informed Mr. Porras that he was not being reinstated and Mr. Porras suggested that Plaintiff use the union's Labor Relations Committee ("LRC") to grieve his situation.

19. In September 2015, Plaintiff was reinstated through the LRC process, but was reinstated at a lesser seniority with no benefits that should have accrued while he was performing military service obligations.

20. To date, Plaintiff has not recovered the seniority and associated benefits that were denied him based on his military service obligations.

## Violations of 38 U.S.C. §4301 et seq.

21. Plaintiff hereby alleges and incorporates all paragraphs 1-14 above by reference herein.

22. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

23. Section 4311 of USERRA provides, in relevant part, that a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied… any benefit of employment by an employer on the basis of that membership,…performance of service, or obligation."

24. Section 4311 (c) further provides, in relevant part, that "[a]n employer shall be considered to have engaged in actions prohibited… if the person's

COMPLAINT FOR DAMAGES                                                              Case No.:

membership… or obligation for service in the uniformed services is a motivating factor in the employer's action."

25. An employee's notice to his employer of pending military service obligations may be either verbal or written. The notice may be informal and does not need to follow any particular format. 20 C.F.R. §1002.85(c).

26. Section 4312 of USERRA provides, in relevant part, that "any person whose absence from position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits."

27. Section 4313 of USERRA provides, in relevant part, that "upon completion of a period of service in the uniformed services, [an employee] shall be promptly reemployed in a position of employment . . . of like seniority, status and pay, the duties of which the person is qualified to perform . .."

28. Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed. "The employer must determine the seniority rights, status, and rate of pay as though the employee had been continuously employed during the period of service." 20 C.F.R. §1002.193.

29. USERRA requires employers to treat periods of military leave as service with the employer for purposes of vesting and the accrual of benefits, including pension benefits, and requires the employer to contribute to the employee's pension based on the rate the employee would have received but for the period of military service. 38 U.S.C. § 4318(3)(A). Employees who have taken military leave are entitled to the same retirement plan contributions they would have earned had they not been on military leave.

COMPLAINT FOR DAMAGES　　　　　　　　　　　　　　　　　　　　　　　　Case No.:

30. Defendants, and each of them, knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying him benefits of employment "on the basis of" his "obligation to perform service in a uniformed service."

31. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

32. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

33. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, et seq.;

2. Require that Defendants fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA described herein;

3. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h);

4. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendants pay liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendants' willful violations of USERRA;

6. Grant an award for costs of suit incurred; and,

7. Grant such other and further relief as may be just, and proper and which Plaintiff may be entitled to under all applicable laws.

                                          Respectfully Submitted,

Dated:  April 29, 2019         PILOT LAW, P.C.

                                          By: /s/ *Brian J. Lawler*
                                          BRIAN J. LAWLER
                                          Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

                                          Respectfully Submitted,

Dated:  April 29, 2019         PILOT LAW, P.C.

                                          By: /s/ *Brian J. Lawler*
                                          BRIAN J. LAWLER
                                          Attorney for Plaintiff